# EXHIBIT A

ELECTRONICALLY FILED - 2025 Jan 21 3:04 PM - YORK - COMMON PLEAS - CASE#2025CP4600125

IN THE COURT OF COMMON PLEAS OF THE STATE OF SOUTH CAROLINA FOR YORK COUNTY

**MICHAEL OWENS**

Plaintiff/Petitioner

VS.

**Corporate Creations Network Inc. (Registered agent for Harbor Freight USA Inc)**

Defendant/Respondent

DOCKET NO: **2025CP4600125**

FILING DATE: **01/13/2025**

AFFIDAVIT OF SERVICE OF:
**Complaint; Summons**

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **17th day of January, 2025**, at **1:34 PM**, at the address of **6650 Rivers Ave, North Charleston, Charleston County, SC 29406**; this affiant served the above described documents upon **Corporate Creations Network Inc. (Registered agent for Harbor Freight USA Inc)** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Amy Overcash, I delivered the documents to Amy Overcash who identified themselves as the person authorized to accept, with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a blonde-haired white female contact over 65 years of age, 5'4"-5'6" tall and weighing 120-140 lbs with glasses..**

Date: 1/21/25

*Elizabeth Bock*

Elizabeth Bock

SUBSCRIBED AND SWORN to before me this 21st day of January, 2025.

*Tomy Baillie*

NOTARY PUBLIC in and for the State of **South Carolina**
My commission expires April 4, 2034

THOMAS BAILLIE
Notary Public - State of South Carolina
My Commission Expires April 4, 2034

REF: **2025CP4600125**
FOR: **Elrod Pope Law Firm**

PAGE 1 OF 1
ORIGINAL AFFIDAVIT OF SERVICE





Tracking #: **0155759260**

ELECTRONICALLY FILED - 2025 Jan 13 4:24 PM - YORK - COMMON PLEAS - CASE#2025CP4600125

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF YORK | ) | SIXTEENTH JUDICIAL CIRCUIT |
| | ) | |
| Michael Owens, | ) | |
| | ) | CASE NO: 2025-CP-46- |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | SUMMONS |
| | ) | (JURY TRIAL DEMANDED) |
| Harbor Freight Tools USA, Inc. | ) | |
| | ) | |
| Defendant(s). | ) | |

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED AND REQUIRED TO ANSWER the Summons and Complaint in this action, herewith of which a copy is served upon you, and to serve a copy of your answer to said Summons and Complaint on the subscriber at his office at 212 East Black Street, Rock Hill, SC, within thirty (30) days after the service hereof, exclusive of the day of such service; if you fail to answer the Summons and Complaint within the time aforesaid, the Plaintiff(s) in this action will apply to the Court for judgment by default for the relief demanded in the Complaint

By:   *s/Garrett B. Johnson*
      Garrett B. Johnson, SC Bar #81105
      Elrod Pope Law Firm
      212 E Black Street
      P.O. Box 11091 (29731)
      Rock Hill, SC 29730
      Phone: (803) 324-7574
      ATTORNEY FOR PLAINTIFF

January 13, 2025
Rock Hill, South Carolina

ELECTRONICALLY FILED - 2025 Jan 13 4:24 PM - YORK - COMMON PLEAS - CASE#2025CP4600125

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF YORK | ) | SIXTEENTH JUDICIAL CIRCUIT |
| | ) | |
| Michael Owens, | ) | |
| | ) | CASE NO: 2025-CP-46- |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | (JURY TRIAL DEMANDED) |
| Harbor Freight Tools USA, Inc. | ) | |
| | ) | |
| Defendant(s). | ) | |

NOW COMES the above-named Plaintiff, complaining of the Defendant herein, who does allege and show unto this Honorable Court the following:

1.      Plaintiff is, and at all times mentioned in the Complaint was, a resident of York County.

2.      Plaintiff is informed and believes that Defendant Harbor Freight Tools USA, Inc. (hereinafter "Harbor Freight") is a corporation organized and existing under the laws of the State of Delaware and doing business in the State of South Carolina, with its registered agent at 6650 Rivers Ave., North Charleston, SC 29406.

3.      Defendant Harbor Freight Tools USA, Inc.  is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture in the State of South Carolina such that it should anticipate being hauled into court here; has an office or ; has an office or agency in the state of South Carolina; caused injury to persons within the State of South Carolina arising out of an act or omission it committed inside the State; sells products and materials that are used in the State of South Carolina in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the State of South Carolina.

4.      Plaintiff is informed and believes that Defendant Harbor Freight is in the business of designing, manufacturing, and/or distributing power tools.

ELECTRONICALLY FILED - 2025 Jan 13 4:24 PM - YORK - COMMON PLEAS - CASE#2025CP4600125

5.      Plaintiff is informed and believes that some of these tools are distributed under the brand name "Chicago Electric."

6.      Plaintiff is informed and believes that Defendant Harbor Freight further owns or operates a retail store chain.

7.      Plaintiff is informed and believes that Defendant Harbor Freight Tools maintains a store at or around 2349 Cherry Road, Rock Hill, SC 29732.

8.      Plaintiff is informed and believes that Defendant Harbor Freight sells, among other items, tools that it designed, manufactured, and distributed under the Chicago Electric brand at this store located at 2349 Cherry Road.

9.      On or around March 27, 2024, Plaintiff Michael Owens purchased a Chicago Electric 10" Miter Saw from Defendant's retail store location at 2349 Cherry Road.

10.     Upon information and belief, Defendant Harbor Freight sold the saw to Mr. Owens in a fully-assembled state.

11.     Mr. Owens did nothing to substantially change the saw from the state or condition in which it was sold.

12.     On April 2, 2024, 6 days after its purchase, Mr. Owens attempted to use the saw as part of his business as an independent contractor.

13.     The saw was in essentially the same condition as when it left the hands of Defendant Harbor Freight.

14.     When Mr. Owens attempted to use the saw for the first time, the guard failed to lock and improperly shifted so far forward as to enter the path of the blade.

15.     The blade struck the guard, causing multiple teeth to explode off of the blade and strike Mr. Owens in the face and eye.

16.     Mr. Owens was at all times using the saw for its intended purpose and the ordinary purpose for which such goods are sold.

<u>COUNT I</u>

ELECTRONICALLY FILED - 2025 Jan 13 4:24 PM - YORK - COMMON PLEAS - CASE#2025CP4600125

<u>NEGLIGENCE</u>

17.    Plaintiff restates allegations 1-16 and incorporates them by reference herein.

18.    The accident and Plaintiff's resulting injuries were a direct and proximate result of the negligence, gross negligence, recklessness, and willfulness of Defendant in all of the following particulars:

a.    In then and there failing to adequately test the saw for safety;

b.    In then and there failing to properly inspect the saw;

c.    In then and there failing to discover the defective condition of the saw;

d.    In then and there failing to eliminate the defective conditions in the saw;

e.    In then and there failing to design, construct, manufacture, assemble, inspect, and test the saw to render said machine suitable for its ordinary uses;

f.    In then and there failing to use due care under the circumstances existing at all relevant times.

<u>COUNT II</u><br><u>STRICT LIABILITY</u>

19.    Plaintiff restates allegations 1-18 and incorporates them by reference herein.

20.    At all times relevant, Defendant was engaged in the selling and distributing of saw involved in this case.

21.    The saw as sold to Mr. Owens was defective and unreasonably dangerous, and not reasonably fit or safe for its intended use.

22.    Defendant placed the defective saw into the stream of commerce and expected or could reasonably foresee the use of said saw by consumers, including Plaintiff, in the condition in which the saw was designed, manufactured, and sold.

ELECTRONICALLY FILED - 2025 Jan 13 4:24 PM - YORK - COMMON PLEAS - CASE#2025CP4600125

23. The defective condition of the saw was designed, manufactured, and assembled so that it would be undiscoverable to Plaintiff until such a time as an accident occurred.

24. The defective condition of the saw was not observable by Plaintiff, who lacked the technical skill and knowledge required to examine the saw for defects, and who relied upon Defendant to design, test, manufacture, sell, and deliver the machine in a condition fit for use for the purposes intended.

25. As a direct and proximate result of the actions of Defendant in placing the saw into the stream of commerce, Plaintiff suffered damages as set forth herein.

COUNT III
BREAK OF IMPLIED WARRANTY

26. Plaintiff restates allegations 1-25 and incorporates them by reference herein.

27. The saw being sold by Defendant was unfit for the ordinary purposes for which such goods are used, thereby breaching express and implied warranties under S.C. Code § 36-2-314.

28. The accident and Plaintiff's resulting injuries were a direct and proximate result of Defendant's breach of this warranty.

COUNT IV
FAILURE TO WARN

29. Plaintiff restates allegations 1-28 and incorporates them by reference herein.

30. Upon information and belief, multiple consumers had similar issues with saws designed, manufactured, or distributed by Defendant.

31. Defendant Harbor Freight knew or should have known of these complaints and that the saw was likely to be dangerous for its intended use.

32. Defendant Harbor Freight had no reason to believe that Mr. Owens would realize the potential danger posed by the saw's defective and unreasonably dangerous design.

33. Despite such knowledge, Defendant failed to exercise reasonable care to inform Mr. Owens of the saw's dangerous condition or of facts which made it likely to be

ELECTRONICALLY FILED - 2025 Jan 13 4:24 PM - YORK - COMMON PLEAS - CASE#2025CP4600125

dangerous.

34.    As a direct and proximate result of Defendant's conduct, Plaintiff has incurred numerous damages, including but not limited to: past and future pain and suffering; mental anguish; impairment of health and physical condition; past, present, and future loss of enjoyment of life; lost wages; medical expenses; and medication expenses, all to his damage in a sum greater than one hundred thousand dollars ($100,000.00).

**WHEREFORE,** Plaintiff prays for judgment against Defendant in a sum to be determined by a jury of Plaintiff's peers and to exceed one hundred thousand dollars ($100,000.00), thus meeting the requirements set under the South Carolina Rules of Civil Procedure Rule 30 (h), and should include actual damages, future damages, punitive damages in a reasonable amount, and the costs and disbursements of this action and for such other and further relief that this Court or jury deems just and proper.

Respectfully,

By:    *s/Garrett B. Johnson*
Garrett B. Johnson, SC Bar #81105
Elrod Pope Law Firm
212 E Black Street
P.O. Box 11091 (29731)
Rock Hill, SC 29730
Phone: (803) 324-7574
ATTORNEY FOR PLAINTIFF

January 13, 2025
Rock Hill, South Carolina